UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTHONY COLARULO, | 1:21-cv-16693-NLH-KMW |
| Plaintiff, | **MEMORANDUM OPINION & ORDER** |
| v. | |
| WALMART, INC., | |
| Defendant. | |

**APPEARANCES:**

ERICA DOMINGO
GRUNGO COLARULO, LLC
1926 GREENTREE ROAD
SUITE 110
CHERRY HILL, NJ 08034

　*On behalf of Plaintiff*

PATRICK J. MCDONNELL
SEAN K. RUCKENSTEIN
MCDONNELL & ASSOCIATES, P.C.
METROPOLITAN BUSINESS CENTER
860 FIRST AVENUE
SUITE 5B
KING OF PRUSSIA, PA 19406

　*On behalf of Defendant*

**<u>HILLMAN</u>, District Judge**

　　On September 9, 2021, Defendant, Walmart, Inc., removed Plaintiff's case from New Jersey Superior Court to this Court. Defendant's notice of removal stated that this Court has jurisdiction over this matter based on 28 U.S.C. § 1332(a) because the parties have diverse citizenship and the matter in

controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

Defendant's notice of removal averred that Plaintiff is a citizen of New Jersey, and Defendant (collectively through its various entities) is a citizen of Delaware and Arkansas. Defendant's notice of removal further averred:

> 15. Defendant has reason to believe that Plaintiff's damages exceed $75,000 based upon Plaintiff's $375,000 demand package. See Exhibit "B."
>
> 16. Defense Counsel can represent that Plaintiff has since orally reduced his demand to $250,000. This still exceeds the $75,000 threshold.

(Docket No. 1 at 4.)

On September 23, 2021, Plaintiff and Defendant filed a "Stipulation to Limit Damages." (Docket No. 7.) The stipulation provides that Plaintiff has now agreed that his damages do not exceed $75,000. The stipulation further provides that Defendant is "willing to forgo" its right to remove the action to this Court and Defendant "will agree to the remand of this matter to state court."

The parties' stipulation in an effort to remand the matter is without force. A "post-removal agreement to the remand of the case to state court does not provide the mechanism for remand. The parties cannot unilaterally consent to the remand of the case when this Court had at the time or removal, and continues to have, subject matter jurisdiction over the action."

2

McNally v. Waterford Township, 2019 WL 6117728, at *2 (D.N.J. Nov. 18, 2019).  Similar efforts by parties to return to state court are also ineffectual when subject matter jurisdiction has been established in this Court.  See Radbill v. Petsmart, Inc., 2020 WL 2112167, at *1 (D.N.J. 2020) (finding without force the parties' "Stipulation Capping Plaintiffs' Claimed Damages and Remanding Case to the Superior Court Of New Jersey, Camden County," which provided that the plaintiffs agreed to cap their damages below $75,000, and incorrectly contended that the court no longer had subject matter jurisdiction due to their stipulation); McNally, 2019 WL 6117728, at *2 (where the parties filed a proposed consent order to remand based on the plaintiff's post-removal amended complaint that dismissed his federal claim, which was the basis for subject matter jurisdiction, finding that the dismissal of the federal claims and their agreement to remand did not provide a valid mechanism to remand the matter to state court because subject matter jurisdiction existed under 28 U.S.C. § 1367(a)) (citing Duffy v. Absecon Police Department, 2019 WL 5265322, at *1 (D.N.J. Oct. 17, 2019) (citing Tom's Landscaping Contractors, LLC v. Ernest Bock & Sons, Inc., 2018 WL 5294510, at *2 (D.N.J. 2018)) (declining to endorse the parties' "Consent Order Permitting Plaintiff to File Amended Complaint and For Remand of Entire Action to State Court," where the amended complaint would add a

3

non-diverse party, because the filing of the plaintiff's amended complaint would not defeat subject matter jurisdiction if such jurisdiction existed at the time the defendant removed plaintiff's original complaint) (citing Mollan v. Torrance, 22 U.S. 537, 539 (1824), quoted in Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 570 (2004) ("It has been long and well-established that in determining whether a federal court may exercise jurisdiction based upon diversity of citizenship, the court must look to 'the state of things at the time of the action brought.'"); St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 294-95 (1938) ("It uniformly has been held that in a suit properly begun in the federal court the change of citizenship of a party does not oust the jurisdiction.  The same rule governs a suit originally brought in a state court and removed to a federal court.")); St. Paul Mercury Indem. Co., 303 U.S. at 292-93 (announcing long ago that "the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, [] does not deprive the district court of jurisdiction," and further reiterating that "events occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached").

This Court has previously explained, "two things are

equally true.  This is a court of limited jurisdiction.  It must not exercise its considerable power beyond the scope of its authority as conferred by the Constitution and statute.  However, it is equally so that this Court has an unflagging obligation to maintain its jurisdiction, once conferred." Farren v. FCA US, LLC, 2018 WL 372168, at *3 (D.N.J. 2018). Because Plaintiff has not challenged the procedural propriety of the removal, the Court properly maintains subject matter jurisdiction over the action under 28 U.S.C. § 1332(a) - at the time of removal there was diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeded $75,000.  Indeed, according to Defendant's notice of removal, Plaintiff originally demanded $375,000 and then reduced that demand to $250,000, but even the reduced demand well-exceeded the $75,000 threshold at the time of removal.  It is Plaintiff's prerogative to limit the damages he seeks,[1] but that decision does not impact this Court's subject matter jurisdiction over his case.

Consequently, Defendant's representation that it will forgo its right to remove Plaintiff's action[2] and it will agree to

---

[1] To that end, the Court has no reason to approve the parties' private agreement as to Plaintiff's limitation of his damages.

[2] The Court notes that Defendant cannot forgo an action it already took.

5

remand[3] based on Plaintiff's post-removal stipulation as to damages is ineffectual.[4]  The matter shall proceed in due course.

    SO ORDERED.


Date: September 27, 2021                  s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.

---

[3] Parties may not confer subject matter jurisdiction by consent, Samuel-Bassett v. KIA Motors America, Inc., 357 F.3d 392, 396 (3d Cir. 2004), and they cannot divest subject matter jurisdiction by consent, St. Paul Mercury Indem. Co., 303 U.S. at 292-93.

[4] As the Court noted in Farren, 2018 WL 372168, at *3 n.2, neither Plaintiff nor Defendant are prisoners of the federal court if they would rather return to state court.  The parties may follow Fed. R. Civ. P. 41(a)(1)(A), which provides that after a defendant has filed an answer, which Defendant did here on September 15, 2021 (Docket No. 5), a plaintiff may dismiss its action without a court order by filing a stipulation of dismissal signed by all parties.  If it is the first dismissal, the rule expressly provides that dismissal is without prejudice. Fed. R. Civ. P. 41(a)(1)(B).  Thereafter, to the extent allowed by state law, Plaintiff may refile his action in state court.